

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

March 10, 2013

<u>Via ECF</u>

The Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Gustave Drivas et al.
      <u>Criminal Docket No. 10-771 (S-1) (NG)</u>

Dear Judge Gershon:

    The government respectfully submits this motion <u>in limine</u> to preclude the admission of certain tax and financial statement documents. Those documents are (1) inadmissible hearsay and (2) inadmissable extrinsic evidence of the witnesses' specific conduct despite containing information which may provide the basis for cross examination. Additionally, the government respectfully moves the Court to reconsider its earlier ruling regarding the admission of the tax documents of Irina Barikyan for the reasons discussed below.

I. <u>The Admissibility of the Tax Forms and Financial Affidavits</u>

    The government expects to call several witnesses to testify who previously pleaded guilty pursuant to cooperation agreements. These witnesses also submitted financial affidavits and tax returns to the government, which have been disclosed to the defense as 3500 material. The government has learned during the course of Irina Barikyan's testimony that the defense will likely seek to introduce these affidavits and tax forms as substantive evidence during the testimony of the other respective cooperating witnesses.

A.   The Tax Forms and Financial Affidavits are inadmissible Hearsay

Those documents are the out-of-court statements of the witnesses which will be offered for the truth of the matters asserted in the forms.  Accordingly, they should be excluded as inadmissible hearsay. See Fed. R. Evid. 801(c) and 802.

The statements are inadmissable hearsay, even if they are statements of the witness.  This is because the Federal Rules of Evidence draw a distinction between parties and witnesses.  Whereas a party's own statement is not hearsay, a non-party witness's statement is hearsay.  See, e.g., United States v. DiSantis, 565 F.3d 354, 359-60 (7th Cir. 2009) (discussing distinction drawn by Federal Rules of Evidence between statements of parties and statements of non-party witnesses).

In United States v. Coplan, 703 F.3d 46, 83-86 (2d Cir. 2012), for example, the defendants sought the admission of their own deposition transcripts.  The Second Circuit held that the District Court did not abuse its discretion in excluding those transcripts as inadmissible hearsay. Id. at 84.  Likewise in Scotto v. Brady, 410 F. App'x 355, 361 (2d Cir. 2010), the Second Circuit held that the "tax return, which [plaintiff] offered for the proof of the losses reported therein, was inadmissible hearsay and thus could not suffice to establish his loss." (citing Zeeman v. United States, 275 F. Supp. 235, 256 n.8 (S.D.N.Y. 1967) ("[S]tanding by itself, the return is merely self-serving hearsay if offered on behalf of the taxpayer or an admission if offered against her.")).

Consequently, any effort by the defense to admit the tax returns or financial affidavits of a witness in this case should be similarly rejected as inadmissible hearsay.

B.   The Tax Forms and Financials Affidavits are Inadmissible Extrinsic Evidence

Further, whether the tax returns are offered for the truth or not, they are also inadmissible under Fed. R. Evid. 608(b), which provides that extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. See United States v. Aponte, 31 F.3d 86, 87-88 (2d Cir. 1994) (prior false descriptions provided by the witness excluded under Rule 608(b) as extrinsic evidence).  The tax returns of a witness are not admissible in evidence because they constitute extrinsic evidence excluded by Fed. R. Evid. 608(b). United States v. Jensen, 41 F.3d 946, 957-58 (5th Cir. 1994) (district court erred

in admitting into evidence documents showing witness's previous
false statements, including "a false tax return [witness]
provided in connection with the purchase of a car."  "As quoted
above, Rule 608(b) prohibits proof of specific instances of the
conduct of a witness for the purpose of attacking the witness'
credibility. The documents were not admissible into evidence
under Rule 608(b)."); see also United States v. DiCaro, 1989 WL
18340, at *11 (N.D.Ill. 1989) ("Defendants request the financial
records as to anybody who will or may be called as a government
witness. . . . With respect to federal tax returns, such
information would be irrelevant except to the extent that it
provides information as to whether a witness accurately reported
his income. While this might constitute a proper subject of
cross-examination under Fed.R.Ev. 608(b), it cannot be proved by
extrinsic evidence.").

II.  Motion for Reconsideration

        The government also respectfully moves the Court to
reconsider its evidentiary ruling relating to the admissibility
of Irina Barikyan's tax returns which were admitted into evidence
over the government's objections. Tr. At 1269-1271.  The defense
sought to admit the tax returns as the witnesses prior statement
("This is the witness' own statement, not hearsay.  This is her
return.  She said it was given to the government.  She said it
was filed with the I.R.S.  This is her statement." Tr. 1269).
That prior statement, however, was the witness's out of court
statement, which apparently was being offered for the truth of
the matter asserted therein.  But, in the alternative, the
defense suggested that the tax forms may contradict some other
statement ("The Court: Is this going to contradict what is going
– – Mr. Pinto: Absolutely, Judge." Tr. At 1270).  To the extent
that defense counsel was offering the tax returns to prove a
specific instance of untruthfulness, the tax returns are
inadmissible extrinsic evidence of that specific instance.

4

As a result, the government respectfully submits that, consistent with the above-cited cases, the tax forms should be inadmissible.


                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                    By:    /s/William P. Campos
                           William P. Campos
                           Assistant U.S. Attorneys
                           Tel. (718) 254-6104

                           Sarah M. Hall
                           Trial Attorney, Fraud Section
                           Criminal Division
                           U.S. Department of Justice
                           Tel. (202) 549-5864


cc:  Clerk of Court (via ECF)
     Defense Counsel (via ECF and E-mail)