UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA, :
:
    v. :    10-CR-771 (S-1) (NG)
:
GUSTAVE DRIVAS, :
ALEXANDER ZARETSER :
VLADIMIR KORNEV and :
YELENA GALPER, :
:
        Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### YELENA GALPER'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

CREIZMAN PLLC
565 Fifth Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 972-0200
Facsimile: (646) 200-5022

Eric M. Creizman (EC 7684)
Caroline J. Polisi (CP 5655)

*Attorneys for Yelena Galper*

March 28, 2013

Defendant Yelena Galper, by her attorneys, respectfully submits this Memorandum of Law in support of her motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29. A judgment of acquittal with respect to Ms. Galper is warranted because the government failed to present sufficient evidence from which a rational juror could find beyond a reasonable doubt that Ms. Galper knew the property involved in the financial transactions at issue were the proceeds of some unlawful activity. In addition, there was no testimony or evidence whatsoever that suggested Ms. Galper conspired to enter into transactions for the conspirators' common purpose of concealing the source of the proceeds.

Upon the close of the government's evidence, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. 29(a). In deciding a motion for acquittal on the grounds of insufficient evidence, the Court must view the evidence in the light most favorable to the Government and draw all permissible inferences in the Government's favor. *United States v. Castro*, 669 F. Supp. 2d 288, 289 (E.D.N.Y. 2009). A district court, however, must enter a judgment of acquittal on the grounds of insufficient evidence "if it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002). Furthermore, a conviction based on speculation and surmise alone cannot be upheld. *United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir. 1994). To meet its heavy burden of proof beyond a reasonable doubt, the government must do more than introduce evidence "at least as consistent with innocence as with guilt." *United States v. Mulheren*, 938 F.2d 364, 372 (2d Cir. 1991) (quoting *United States v. Mankani*, 738 F.2d 538, 547 (2d Cir. 1984)). If the evidence, when viewed in the light most favorable to the prosecution, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence,

a reasonable jury must necessarily entertain a reasonable doubt. *United States v. Cassese*, 428 F.3d 92, 104 (2d Cir. 2005). The government must therefore provide sufficient evidence at trial to permit a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt in order to sustain a conviction. *See United States v. Muniz*, 184 F.3d 114, 115 (2d Cir. N.Y. 1997). In this instance, the government has failed to meet its burden of proof with respect to the elements of money laundering conspiracy concerning knowledge that the proceeds were from some form of illegal activity and knowledge that the purpose of the transactions was to conceal the proceeds.

It is an essential element of the crime of money laundering conspiracy that the defendant "believed that the money was the proceeds of unlawful activity." *United States v. Leslie*, 103 F.3d 1093, 1103 (2d Cir. 1997). A financial transaction, if performed without knowledge that the monies are the proceeds of unlawful activity, does not constitute money laundering under 18 U.S.C. § 1956(c)(1). *United States v. Thompson*, 286 F.3d 950, 972 (7th Cir. 2002). Absent evidence of such knowledge, a count of money laundering cannot be upheld.

In this case, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in its favor, the government utterly failed to prove that Ms. Galper had knowledge that the monies were the proceeds of illegal activities, much less provided enough evidence to prove this element beyond a reasonable doubt. The only witness who claimed to have personal knowledge that Ms. Galper committed money laundering conspiracy was Larisa Shelabodova ("Shel"). No other witness testified about any matter relevant to Ms. Galper's state of mind or intent with respect to the alleged offense. Ms. Shel testified that the funds involved in the transactions at issue were proceeds of medical clinics. *See, e.g.*, Tr. 2120: 11-15. She did not say that she knew the funds were from illegal activity. Tr. 2100: 11-15

2

(explaining that what she means by money laundering is that "[w]e take checks from Maksim Shelikhov, deposit it to this account, and cash it and gave the cash back to Maksim Shelikhov"). In fact, Ms. Shel said that she understood that the purpose of her scheme was tax evasion, but not that the proceeds involved in the transaction were from unlawful activity by the clinic. Tr. 2124: 13-22.

Ms. Shel did not testify about what, if anything, she told Ms. Galper concerning the source of the funds involved in the transactions. Rather, she said that she told Ms. Galper that "if she is going to open accounts with us, she will be paid for that." Tr. 2142: 3-4. While evidence was adduced concerning the close friendship between Ms. Shel and Ms. Galper, that does not provide any basis to infer -- let alone beyond a reasonable doubt -- that Ms. Shel discussed where the proceeds came from, that the proceeds came from illegal activity, or that the purpose of the transactions were to conceal. Even if one could infer Ms. Shel discussed all the details of the offense with Ms. Galper, she testified that she did not know the wrongfulness of her own actions until 2010 (Tr. 2255:17-2257:10), months after she opened accounts in Ms. Galper's name in September 2009 (2349:8-2351:22).

Furthermore, assuming the truth of Ms. Shel's testimony that Ms. Galper agreed to open the accounts and agreed to get paid for doing so (Tr. 2140:24- 2142:17), that is at most evidence that Ms. Galper believed she was engaged in unlawful activity. *See also* Tr. 2157: 18-19 ("Well, [Ms. Galper] did not like it [coming to the bank], . . . but finally agreed to come with us"). The testimony does not speak to whether Ms. Galper believed the funds involved in the transactions were *derived from* unlawful activity. *See, e.g.*, *United States v. McDougald*, 990 F.2d 259, 262 (6th Cir. 1993) ("The desire to hide assets does not automatically give rise to the inference that the assets were illegally acquired."). Nor is it sufficient to establish Ms. Galper shared the

3

common purpose of her alleged coconspirators to conceal proceeds, as opposed to simply opening accounts and getting paid for them. Similarly, Ms. Shel's testimony on redirect examination was that Ms. Galper was with her when she opened accounts in Ms. Galper's name and Ms. Galper was *compos mentis* at the time. That does not establish Ms. Galper knew the funds were the proceeds of some form of illegal activity or that she shared the common purpose of the alleged coconspirators to conceal proceeds. *See, e.g.*, *United States v. Rosenblatt*, 554 F.2d 36 (2d Cir. 1977) (conspirators must share the essential nature of the plan). [1]

Based on the evidence adduced at trial, a judgment of acquittal as to Yelena Galper is appropriate because there was no evidence indicating that Galper had knowledge of the unlawful nature of the proceeds. *See United States v. Awan*, 966 F.2d 1415, 1434 (11th Cir. 1992) (reversing conviction for conspiracy to commit money laundering based on insufficiency of evidence that defendant Hassan had knowledge that the monies were the proceeds of unlawful activity). Furthermore, a judgment of acquittal as to Yelena Galper is appropriate on the separate and independent ground that the evidence does not establish she shared the common purpose of her alleged coconspirators to conceal the source of the proceeds. *See, e.g.*, *United States v. Nusraty*, 867 F.2d 759, 764 (2d Cir. 1989) ("mere association with those implicated in an unlawful undertaking is not enough to prove knowing involvement").\

Finally, no evidence was adduced at trial establishing a basis for Ms. Galper consciously avoiding that the source of the proceeds came from illegal activity or that the purpose was to

---

[1] To establish a conspiracy, the government must show that two or more persons agreed to enter into a joint enterprise for an unlawful purpose, with awareness of its general nature and extent. *United States v. Torres*, 604 F.3d 58, 65 (2d Cir. 2010). While the conspirators need not agree on every detail of their venture, there must be proof beyond a reasonable doubt that they agreed on the essential nature of the plan. *United States v. Stavroulakis*, 952 F.2d 686, 690 (2d Cir. 1992). Specifically, "the essential nature of a conspiracy to violate Section 1956 is an agreement to launder money, regardless of which particular specified unlawful activity is the source." *Id.* at 692.

conceal. There is no testimony even remotely suggesting that Ms. Galper was made aware of "red flags." Although the evidence taken in the light most favorable to the government might suggest that Ms. Galper knew she was doing something wrong, there is no evidence that that knowledge put her specifically on notice of the nature of the proceeds or the common purpose of the conspiracy.

Accordingly, the Court should enter a judgment of acquittal as to Yelena Galper.

## CONCLUSION

For the reasons set forth above, Ms. Galper respectfully submits that her Motion for a Judgment of Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure be granted.

Dated: New York, New York
March 28, 2013

        Respectfully submitted,

        **CREIZMAN LLC**

By: /S/ Eric M. Creizman

        Eric M. Creizman (EC 7684)
        Caroline J. Polisi (CP 5655)
        565 Fifth Avenue, 7th Floor
        New York, New York 10017
        Telephone: (212) 972-0200
        Facsimile: (646) 200-5022
        Email: ecreiz@creizmanllc.com

        *Attorneys for Yelena Galper*